Puerto Rico Auto Corporation, Petitioner, *v.* District Court of Puerto Rico, San Juan Section, Respondent; The Commissioner of Labor of Puerto Rico, Intervener.

No. 1938.   Argued April 1, 1952.—Decided April 18, 1952.

*Vicente M. Ydrach* for petitioner.   *Joaquín Gallart Mendía,* counsel for the Department of Labor, for intervener.

Mr. Justice Marrero delivered the opinion of the Court.

The petitioner discharged certain permanent employees without paying them for vacation periods which had accrued and to which, pursuant to subdivision F (3) of Mandatory Decree No. 8, they were entitled.   The Commissioner of Labor filed in the Municipal Court of San Juan a claim, not only for the compensation corresponding to the days of vacation to which each one of the petitioners alleged to be entitled, but also for a like amount as a penalty.   The complaint was

answered and the case submitted on stipulation,[1] whereupon said court granted the complaint, and the respondent appealed to the district court. The case was once more submitted on the stipulation referred to and judgment was again entered for the petitioners. Reconsideration was sought and denied. We granted certiorari to review the judgment thus rendered.

■■ According to the stipulation filed, the respondent accepts that it owes petitioners the amounts specified therein and that it deposited in the Department of Labor, for immediate delivery to said workmen, the aforesaid amounts. It is further stated in the stipulation that the respondent believes that the amounts claimed as a penalty do not lie, inasmuch as, in its judgment, such penalty is applicable exclusively in claims for wages, but not in claims for amounts in connection with accrued vacation periods. In view thereof the parties agreed to discuss only the question of law whether payment of the additional penalty should be granted or not to the petitioners for the accrued periods of vacation they did not enjoy and which were not paid to them by the respondent upon their dismissal.

---

[1] The stipulation filed by the parties on January 23, 1950, recites:

"Now come the parties herein through their undersigned attorneys and in this Hon. Court respectfully state, allege and pray:

"1. That the respondent accepts owing to the workmen listed in this complaint, for accrued periods of vacation, the following amounts:

| "Roberto Oliver | $25.88 |
| Ángel Pagán | 8.60 |
| Carmelo López | 8.60 |
| Mario O. García | 17.16 |
| Manuel Hernández | 10.23 |
| Luis López | 20.58 |
| Rafael Lugo García | 25.50 |

"2. That the petitioner also accepts that those are the amounts which the respondent actually and in fact owes said workmen.

"3. That the respondent deposited in the Department of Labor of Puerto Rico, at the disposal of said workmen, the above-mentioned amounts for immediate delivery to the latter as soon as this stipulation is approved.

Subdivision F(3) of Mandatory Decree No. 8 of the Minimum Wage Board essentially provides that:

"Every permanent employee, except apprentices, who, after the date of promulgation of this Decree, works at least twelve consecutive weeks for the same employer, shall be entitled to vacation with full pay at the rate of 15 days per annum . . . In case of termination the employer shall make payment for the period which may have accrued."

And pursuant to the provisions of § 25 of Act No. 8 of April 5, 1941 (Sess. Laws, p. 302), as amended by Act No. 451 of May 15, 1947 (Sess. Laws, pp. 950, 968):

"Every laborer or employee who receives for his work a compensation different from or lower than that fixed for any industry, business, or occupation, in accordance with this Act or any decree, regulation, resolution, or order of the board, shall be entitled to recover through a civil action the unpaid difference up to the total amount of the compensation to which he is entitled, *plus an amount equal to the unpaid amount, as an additional penalty,* . . . irrespective of any agreement to the contrary." (Italics ours.)

It is an admitted fact that the laborers worked for the petitioner and that upon termination they were not paid any amount whatsoever for their accrued periods of vaca-

"4. That the Commissioner of Labor further claims herein for the aforesaid workmen an amount equal to that which the respondent individually acknowledges that it owes them. Said claim is made under § 25 of Act No. 8 of April 5, 1941 (Minimum Wage Act), as amended, and as an additional penalty.

"5. That the respondent is of the opinion that the penalty provided by § 25 of Act No. 8 of April 5, 1941, applies exclusively to claims for wages either for a single rate or for extra hours and is never applicable in claims for vacation which may have accrued.

"6. That the parties hereby agree to discuss only the question of law whether or not payment of the additional penalty should be granted to these workmen for the accrued periods of vacation they did not enjoy and for which they were not paid by the respondent upon being discharged.

"Wherefore, in consideration of the foregoing, the parties pray this Hon. Court to approve this stipulation and, after considering the memoranda to be shortly submitted by the parties regarding the above-stated question, to enter judgment in accordance with the law."

tion. Pursuant to the provisions of subdivision F(3), *supra*, the workmen discharged by the petitioner were entitled to vacation pay. This was recognized by the respondent upon depositing in the Department of Labor the amounts corresponding to the accrued periods of vacation. Now, said workmen having had to resort to the courts to recover the amounts corresponding to the accrued periods of vacation, are they entitled to receive by way of a penalty an amount equal to the unpaid amount? We think so. We admit that subdivision F of Mandatory Decree No. 8 refers to Working Conditions and that paragraph 3 concerning vacation is included among those conditions. Nevertheless, as well put by the intervener, the Commissioner of Labor, "when periods of vacation are granted and enjoyed they fall under working conditions, but when they have not been granted nor enjoyed and the workman is discharged, the employer is bound to pay therefor in cash." Undoubtedly, when a workman is discharged without having been paid for vacation which was accrued and to which he is entitled and has to resort to the courts to recover the amount thereof, what is really claimed is the amount of the unpaid compensation. In such case, the provisions of § 25 of Act No. 8 *supra*, are strictly in point, inasmuch as the workman has received for his work a compensation different from that fixed by law. Therefore, he is entitled to recover through a civil action the unpaid difference plus a like amount as an additional penalty. See *Rivera* v. *District Court*, 72 P.R.R. 691, 694 and *Tulier* v. *Land Authority*, 70 P.R.R. 249, 262.

The writ will be discharged.